**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1966-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ROBERT D. REED, a/k/a
ROBERT REED,

     Defendant-Appellant.

_____

     Argued May 6, 2026 – Decided July 17, 2026

     Before Judges Gummer, Paganelli, and Jacobs.

     On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 23-06-1300.

     Rebecca Susan Billig, Assistant Deputy Public Defender, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Rebecca Susan Billig, of counsel and on the briefs).

     James J. Leeds, Assistant Prosecutor, argued the cause for respondent (William Reynolds, Atlantic County Prosecutor, attorney; James J. Leeds, of counsel and on the brief).

PER CURIAM

Defendant Robert D. Reed appeals his convictions for aggravated assault, robbery, theft, and weapons counts. He challenges the trial court's evidentiary ruling permitting the State to impeach prospective character witnesses with his prior conviction and seeks merger of certain counts and other corrections to his judgment of conviction (JOC). We affirm the convictions and remand for amendment of the JOC to reflect merger and other corrections.

I.

On March 3, 2023, defendant and Dilip Hayban met at the Hard Rock Hotel & Casino in Atlantic City. Hayban won a poker jackpot worth $20,000 that evening. The next morning, Hayban bought breakfast for himself and defendant and agreed to drive defendant to the train station. As the men reached Hayban's car in the casino parking garage, defendant struck Hayban over the head with a wine bottle. Defendant then took approximately $10,000 in cash, credit cards, Hayban's driver's license, and a casino "comp card." Defendant fled the scene. Responding officers observed wine and blood on the ground, along with the upper portion of a wine bottle. Emergency personnel transported Hayban to the hospital, where he received treatment for multiple head wounds.

2

In June 2023, a grand jury indicted defendant for: second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count one); first-degree robbery, N.J.S.A. 2C:15-1(a)(1) (count two); third-degree theft of moveable property, N.J.S.A. 2C:20-3(a) (count three); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count four); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count five). At trial in May 2024, the jury found defendant guilty of the lesser-included offense of third-degree aggravated assault on count one, guilty of second-degree robbery on count two, and guilty as charged on counts three, four, and five.

The trial court sentenced defendant to concurrent five-year terms on each count in Recovery Court probation, over the State's objection. The court imposed a conditional alternate aggregate sentence of nine years' imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, in the event defendant failed to successfully complete probation. The court also ordered $2,500 in restitution. The court entered a February 10, 2025 JOC, memorializing the jury's verdict and the court's sentence, except it reported the jury had convicted defendant of first-degree, not second-degree, robbery.

Defendant appeals, raising the following arguments:

POINT I

A-1966-24

[DEFENDANT] WAS DENIED DUE PROCESS AND A FAIR TRIAL WHEN THE COURT ERRONEOUSLY RULED THAT HIS PRIOR CONVICTION WAS ADMISSIBLE, NOT TO IMPEACH [DEFENDANT]'S OWN TESTIMONY, BUT TO IMPEACH HIS CHARACTER WITNESSES.

A. Reed's Fifteen-Year-Old Conviction Was Inadmissible under [N.J.R.E.] 403 Because It Was Too Remote.

B. The Court Came to Contradictory and Irreconcilable Conclusions Regarding the Admissibility of [Defendant]'s Prior Conviction to Impeach Himself and His Character Witnesses.

C. The Court's Ruling, Which Led to the Exclusion of [Defendant]'s Four Character Witnesses, Was Harmful and Prejudicial.

POINT II

COUNTS THREE AND FOUR MUST MERGE WITH COUNT TWO.  (Not Raised Below).

POINT III

[DEFENDANT]'S [JOC] MUST BE CORRECTED TO REFLECT THAT HE WAS CONVICTED OF SECOND-DEGREE ROBBERY – NOT FIRST-DEGREE ROBBERY.  (Not Raised Below).

II.

We review evidentiary decisions for abuse of discretion.  State v. Prall, 231 N.J. 567, 580 (2018).  An evidentiary ruling will be overturned only when

4

"a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Evidence is relevant if it has "a tendency in reason to prove or disprove any fact of consequence to the determination of the action." N.J.R.E. 401. Unless there is some other basis for exclusion, all relevant evidence is admissible. N.J.R.E. 402. "Relevance turns on whether there is a 'logical connection' between the evidence offered and the issues in question." JS Props., L.L.C. v. Brown & Filson, Inc., 389 N.J. Super. 542, 554 (App. Div. 2006) (quoting Verdicchio v. Ricca, 179 N.J. 1, 33 (2004)).

Relevant evidence, however, may still be excluded "if its probative value is substantially outweighed by the risk of . . . [u]ndue prejudice." N.J.R.E. 403. "Evidence should be barred under N.J.R.E. 403 if 'the probative value of the evidence is so significantly outweighed by [its] inherently inflammatory potential as to have a probable capacity to divert the minds of the jurors from a reasonable and fair evaluation of the issues.'" State v. Santamaria, 236 N.J. 390, 406 (2019) (alteration in original) (quoting State v. Cole, 229 N.J. 430, 448 (2017)) (internal quotation marks omitted).

A-1966-24

"N.J.R.E. 404(a)(1) allows a defendant in a criminal trial to offer evidence of h[is] good character to show []he was unlikely to have committed the crimes charged, [and] the Rule requires that the character trait evinced by the evidence must be one 'pertinent' to the issues in the case." State v. Abril, 444 N.J. Super. 553, 560 (App. Div. 2016). "Once the defendant has undertaken to establish his good character, the door opens for rebuttal by the State." State v. Steensen, 35 N.J. Super. 103, 106 (App. Div. 1955).

> This examination is sanctioned as a test of the witness'[s] credibility, the theory being that if he has heard such disparaging rumors his standards as to what constitutes good repute may not be sound or he lacks good faith, or that if he has not heard the rumors (which did in fact circulate), then he is not actually familiar with defendant's reputation.
>
> [Id. at 107-08.]

"The law is well settled that a criminal defendant putting in evidence of a pertinent trait of good character allows the prosecution to counter with evidence of h[is] bad character as to the same trait." Abril, 444 N.J. Super. at 561 (citing N.J.R.E. 404(a)(1)).

> Although the adoption of former Evidence Rule 47 ended the ability of a prosecutor to impeach the credibility of a defendant's character witness by inquiring into the witness's knowledge of alleged criminal misconduct not evidenced by a criminal conviction, neither its successor, N.J.R.E. 405, nor

N.J.R.E. 607, prohibits such impeachment when the inquiry is limited to the witness's knowledge of a defendant's criminal convictions.

[Ibid.]

Concerning admission of any prior conviction, "[t]he key to exclusion is remoteness. Remoteness cannot ordinarily be determined by the passage of time alone. The nature of the convictions will probably be a significant factor." State v. Sands, 76 N.J. 127, 144 (1978). "The trial court must balance the lapse of time and the nature of the crime to determine whether the relevance with respect to credibility outweighs the prejudicial effect to the defendant." Id. at 144-45. See also N.J.R.E. 403.

In Abril, we rejected the defendant's argument that the State could not impeach the defendant's proposed character witnesses by "inquiring into their knowledge of [the] defendant's prior criminal conviction." 444 N.J. Super. at 562. Rather, we held this is an evidentiary determination entrusted to the trial court's discretion and upheld its finding that the evidence's "probative value was not substantially outweighed by the risk of undue prejudice or any of the other N.J.R.E. 403 factors." Ibid.; see also Steensen, 35 N.J. Super. at 106-09.

In Steensen, we held:

In determining whether to allow the cross-examination, the trial court should conduct a

preliminary inquiry out of the presence of the jury and he should satisfy himself:

> (1) that there is no question as to the fact of the subject matter of the rumor, that is, of the previous arrest, conviction, or other pertinent misconduct of the defendant;
>
> (2) that a reasonable likelihood exists that the previous arrest, conviction or other pertinent misconduct would have been bruited about the neighborhood or community prior to the alleged commission of the offense on trial;
>
> (3) that neither the event or conduct nor the rumor concerning it occurred at a time too remote from the present offense;
>
> (4) that the earlier event or misconduct and the rumor concerned the specific trait involved in the offense for which the accused is on trial; and
>
> (5) that the examination will be conducted in the proper form, that is:  "Have you heard," etc., not "Do you know," etc.
>
> [Id. at 109 (citations omitted).]

Defendant asserts the trial court erred in determining his 2009 New Jersey third-degree theft conviction was admissible to impeach any character witnesses he chose to present.  He argues this ruling was unduly prejudicial, especially given the remoteness of the conviction, and deprived him of the opportunity to

8

present a complete defense. At trial, the State conceded the 2009 conviction was too remote to impeach defendant if he testified. However, the State contends the court acted within its discretion as to potential impeachment of character witnesses, balancing the probative value and prejudice of the prior conviction, sanitizing any potential introduction, and limiting its use to impeachment of character witnesses only if defendant opened the door.

During trial, the court conducted a hearing on the admissibility of defendant's prior convictions. Without objection, the court excluded three convictions more than ten years old from the State of Maryland due to lack of documentation. The court then addressed the 2009 theft conviction for which the State did not have a certified JOC. The following colloquy ensued:

> [DEFENSE COUNSEL]: . . . I'm not disputing . . . he has a criminal history. But for purposes of trial, there are certain things that are required. And . . . sometimes what shows up on a criminal history doesn't always match up exactly to the JOCs.
>
> THE COURT: And what's your position about [the prosecutor]'s argument that she can, by way of reference, without a JOC, use that to impeach the character witness or at least the substance of the character witness's testimony. I guess impeaching the character witness.
>
> [DEFENSE COUNSEL]: And so, Judge, . . . I guess for purposes of the record, . . . my objection would be . . . that, without concrete evidence as to the fact that it

exists, it would be highly prejudicial because . . . what if the JOC does show something differently? It's not completely unheard of is what I'll say. That's all I have, Judge.

The court ruled:

> We have the . . . crime in New Jersey of the 2009 theft. I don't have additional information about the crimes from the State of Maryland. I'm going to exclude the crimes from the State of Maryland. Relative to the 2009 theft conviction, it's more than [ten] years old. The State has indicated that it doesn't intend to use it to impeach the credibility of this defendant.

> However, we have the secondary issue, which is the character witnesses which have been . . . proffered to . . . be testifying. . . .

> . . . [I]f the character witnesses . . . were to get up and testify that they know the defendant to be law abiding, that opens a door for this because the . . . defense's responsibility is to be candid with the [c]ourt. And to ask a question, knowing that there is a conviction or whether or not this person is law abiding . . . implies . . . you know a fact that would be contradicted by that question.

> So I don't know that questioning the witness and saying, "Do you know him to be law abiding," or having or soliciting that testimony is necessarily candid with this [c]ourt, knowing that there is a conviction out there.

> So, although [the prosecutor] does not have a [JOC] for that conviction, if that door is opened, knowing that it is out there, I probably would let [the

10

prosecutor], based on . . . good faith . . . cross-examine . . . the character witness relative to that, in which [the prosecutor] would be able to reference that there was a . . . conviction in 2009 for theft, third degree . . . or not theft. You may not say ["]theft.["]

. . . .

And it . . . would be 2009, third degree, three years probation for the character witness . . . with the caution that I've already given you, that they really can't be asked that question because you know that there is a conviction, and Maryland convictions are out. Okay? So, that's my ruling.

The court asked defendant whether he understood its ruling. Defendant responded affirmatively and indicated he had no questions. Defense counsel stated the court's ruling was "very clear" and did not voice further objection. Defendant called no character witnesses.

Based on the record, we discern no ground to disturb the trial court's ruling. The court's ruling was measured. It excluded the conviction for impeachment of defendant, was probative of the testifying witness's knowledge of defendant's character, while reasonably limiting the scope of the State's potential impeachment, and sanitized the evidence to minimize prejudice. Although the court's decision did not expressly reference Steensen and Abril, it sufficiently encompassed the substance of the five criteria delineated in

11

Steensen.  We are satisfied the court's decision did not constitute an abuse of discretion.

In reaching this conclusion, we note defendant does not challenge the validity of his 2009 conviction.  Beyond an initial concern regarding the absence of a JOC, defendant did not object to the court's ruling.

Defendant also seeks merger of his convictions for counts three (theft) and four (possession of a weapon for an unlawful purpose) into count two (robbery), as well as correction of the JOC to reflect second-degree rather than first-degree robbery.  The State concedes the JOC should be amended to reflect a conviction for second-degree robbery but opposes merger of the theft and weapons convictions.

A defendant "may not . . . be convicted of more than one offense if . . . [o]ne offense is included in the other[.]"  N.J.S.A. 2C:1-8(a)(1).  This determination turns on whether that offense "is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]"  N.J.S.A. 2C:1-8(d)(1).  "[T]he doctrine of merger is based on the precept that 'an accused [who] committed only one offense . . . cannot be punished as if for two.'"  State v. Herrera, 469 N.J. Super. 559, 565 (App. Div. 2022) (alteration and omission in original) (quoting State v. Davis, 68 N.J. 69,

12

77 (1975)).  "[T]heft, by definition, is a lesser-included offense of robbery." State v. Ingram, 196 N.J. 23, 39 (2008).  "A person is guilty of robbery if, in the course of committing a theft, he . . . [i]nflicts bodily injury or uses force upon another[.]"  N.J.S.A. 2C:15-1(a)(1).  "When the only unlawful purpose in possessing [a weapon] is to use it to commit the substantive offense, merger is required."  State v. Diaz, 144 N.J. 628, 636 (1996).

Because defendant was convicted of both robbery and the lesser included offenses of theft and possession of a weapon for an unlawful purpose, we remand for amendment to the JOC to reflect merger of the convictions for counts three and four into count two and for vacatur of the sentences imposed on counts three and four.  See State v. Trotman, 366 N.J. Super. 226, 237 (App. Div. 2004) ("a separate sentence should not be imposed on the count which must merge with another offense").  We also direct the trial court to amend the JOC to reflect defendant's conviction for second-degree robbery, not first-degree, as the State accedes.

Affirmed in part, remanded in part for entry of an amended JOC consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M. C. Hawley

Clerk of the Appellate Division

A-1966-24